**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4473**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTOINE JEFFREY POPE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (1:05-cr-00532-AMD)

———————

Submitted: November 30, 2006        Decided: July 5, 2007

———————

Before WILLIAMS, Chief Judge, and GREGORY and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Flynn M. Owens, LAW OFFICES OF RUBIN & OWENS, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Stephen M. Schenning, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the denial of his motion to suppress a firearm discovered during the course of a traffic stop, Antoine Jeffrey Pope pled guilty to possession of a firearm by a convicted felon. He now appeals his conviction, arguing that the district court erred when it denied the suppression motion.  We affirm.

I

At a hearing on the suppression motion, Sergeant David Long, a patrol supervisor with the Hagerstown City Police Department, testified that he was on duty in the early morning of August 31, 2005.  He was advised that a residential burglary was in progress approximately one mile from where he was on patrol.  The perpetrator was identified as a black male wearing dark clothing. When Long was advised of the burglary, the victim was on the phone with the 911 operator.  Long testified that as he drove towards the scene of the burglary he encountered no vehicles until he spotted a sports utility vehicle (SUV) traveling with its headlights turned off.  After Long saw the car, the headlights were illuminated and turned off several times.  Long observed that the driver of the SUV was a black male wearing dark clothing.  Long initiated a traffic stop.

Pope, the driver, produced a driver's license but was unable to produce the rental agreement for the car.  Long observed that both Pope and his passenger appeared quite nervous.  Two

backup officers arrived within thirty seconds of the traffic stop. When one of the backup officers began to speak to the passenger, the passenger appeared to reach for something. The backup officer opened the passenger door, grabbed the passenger's arm, and asked him to exit the vehicle. When he did, a gun fell to the ground. The other backup officer then asked Pope if he had any weapons. Pope replied that he was sitting on a handgun. Officers took custody of that gun, which Pope subsequently moved to suppress.

The district court denied the motion. The court found that, given the totality of the circumstances, a reasonable officer would have conducted the traffic stop based on a reasonable suspicion that the SUV was related to the burglary that had occurred nearby only minutes earlier.

II

On appeal, Pope argues that the district court erred when it found that Long had a reasonable, articulable basis to effect the traffic stop of Pope's SUV. When evaluating the denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error. Evidence is viewed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

The Fourth Amendment requires that a brief, investigatory stop of an individual be supported by reasonable, articulable suspicion that criminal activity is afoot. Terry v. Ohio, 392 U.S.

1, 30 (1968).  The reasonable suspicion standard "is a less demanding standard than probable cause and requires a showing considerably less than a preponderance of the evidence."  Illinois v. Wardlow, 528 U.S. 119, 123 (2000).

In deciding whether an officer had the requisite reasonable suspicion to conduct an investigatory traffic stop, courts apply an objective test rather than examining the subjective beliefs of the investigating officer.  Id.  "Reasonable suspicion standard is a commonsensical proposition.  Courts are not remiss in crediting the practical experience of officers who observe on a daily basis what transpires on the street."  United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993).  The Supreme Court has recognized that individual factors consistent with innocent travel can, when taken together, give rise to reasonable suspicion. United States v. Sokolow, 490 U.S. 1, 9 (1989).

We conclude that an officer in Sgt. Long's position would have had an objectively reasonable suspicion that the SUV that Pope was driving was connected with the recent burglary—i.e., that criminal activity was afoot.  The burglary had occurred only minutes earlier; indeed, when Long received the call, the victim was still on the telephone with the 911 operator.  The offense occurred within one mile of Long's location in a residential area where there was virtually no traffic in the early morning hours. The only car that Long saw on the road was the SUV, and that

vehicle was being operated in a suspicious manner—first without headlights, and then with its headlights being turned on and off. Finally, Pope, like the burglar, was a black man wearing dark clothing. We conclude that these factors, taken together, give rise to reasonable suspicion sufficient to justify a traffic stop under <u>Terry</u>.

III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>